Russell G. Wheeler (RW8995)
Charny & Wheeler
9 West Market Street
Rhinebeck, NY 12572
Tel. (845) 876-7500
Fax. (845) 876-7501

Attorneys for Plaintiff Amber Travers

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBER TRAVERS,<br><br>       Plaintiff,<br><br>vs.<br><br>ALLIED UNIVERSAL SECURITY SERVICES,<br><br>       Defendant. | COMPLAINT<br><br>Electronically Filed<br><br>Civil Action No. |

  Plaintiff Amber Travers (herein Plaintiff) by and through her attorneys Charny & Wheeler brings this action pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL or "State Law") to recover unpaid wages from Defendant Allied Universal Security Services (herein Corporate Defendant) and in support alleges as follows for her Complaint.

## JURISDICTION AND VENUE

  1.  This Court has Federal question jurisdiction in that this action arises under Federal statute, 29 U.S.C. § 216(b).

  2.  This Court has supplemental jurisdiction over the State Law claims pursuant to 29 U.S.C. § 1367.

3.      Venue is proper in that the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4.      Plaintiff Amber Travers is an adult individual that was formerly employed by Defendant.

5.      Corporate Defendant is a foreign business corporation organized and registered under the laws of the Commonwealth of Pennsylvania with a principle place of business located at 161 Washington Street, Ste., 600 Conshohocken, Pennsylvania, 19248.

6.      In or about August 2016, Corporate Defendant was formed as the result of the merger of AlliedBarton Security Services (herein AlliedBarton) and Universal Services of America.

7.      By operation of law, all of AlliedBarton's assets, liabilities and activities vested in Corporate Defendant upon its merger with Universal Services of America.

8.      Corporate Defendant holds itself out as the largest security services company in North America.  Upon information and belief, it employs over 160,000 individuals and maintains offices in every State, as well as the U.S. Virgin Islands, Puerto Rico and Canada.

9.      Upon information and belief, at all times relevant herein, Corporate Defendant contracted to supply security services within the State of New York.

10.     Upon information and belief, at all times relevant herein, Corporate Defendant solicited business and candidates for employment within the State of New York.

11.     Upon information and belief, at all times relevant herein, Corporate Defendant derived substantial revenue from services rendered within the State of New York.

12. Since its inception, Corporate Defendant has had an annual volume of sales or business done of not less than $500,000.

13. Since its inception, Corporate Defendant has employed two or more individuals whose work regularly involves them in interstate commerce by <u>inter alia</u> regularly make telephone calls to persons located in other States, handle records of interstate transactions, travel to other States on their jobs, and perform security services at sites where goods are produced for shipment outside the State or from which goods are shipped outside the State.

## FACTS

14. Prior to August 2016, AlliedBarton existed and supplied facility security services to commercial, educational and governmental customers throughout the United States.

15. At all times relevant herein, Allied Barton had an annual volume of sales or business done of not less than $500,000.

16. At all times relevant herein, Allied Barton employed two or more individuals whose work regularly involves them in interstate commerce by <u>inter alia</u> regularly make telephone calls to persons located in other States, handle records of interstate transactions, travel to other States on their jobs, and perform security services at sites where goods are produced for shipment outside the State or from which goods are shipped outside the State.

17. Plaintiff began employment with AlliedBarton in or about October 1, 2015 as a Security Guard at a whole sale grocery warehouse in Newburgh, New York.

18. As Security Guard, Plaintiff was paid hourly at the rate of $11.00 per hour and worked approximately forty hours per week.

19. Corporate Defendant compensated Plaintiff at time and one-half her regular rate of pay for every hour worked as a security guard in excess of forty.

20. On or about October 31, 2015, Plaintiff was given the title Site Supervisor at the CNS site.

21. Commencing with receipt of her new title and continuing until her separation from employment, Plaintiff was paid hourly at the rate of $15.00 per hour and worked approximately fifty hours per week onsite at the CNS location.

22. From her promotion until in or about February 2017, Corporate Defendant compensated Plaintiff at time and one-half her regular rate of pay for every hour worked in excess of forty.

23. In addition to the approximately fifty hours per week at the CNS site, from October 31, 2015 and continuing until her separation from employment, Plaintiff also worked approximately twenty hours per week away from the CNS site performing such tasks as scheduling employees, locating employees to fill shifts and responding to inquiries from security guards and from representatives from CNS concerning AlliedBarton's provision of security services.

24. Corporate Defendant never compensated Plaintiff as straight time or as overtime for these off-site hours worked in addition to the approximately fifty hours per week worked onsite at the CNS location.

25. On or about February 1, 2017, Corporate Defendant ceased compensating Plaintiff at time and one-half her regular rate of pay for those hours she worked onsite at the CNS location.

26. On or about May 9, 2016, Plaintiff separated from employment with Corporate Defendant.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

27. Plaintiff repeats and re-alleges the preceding allegations.

28. Corporate Defendant employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate her for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of the FLSA.

29. As a consequence of the willful underpayment of wages, Plaintiff has incurred damages and Corporate Defendant is indebted to her in the amount of the unpaid overtime compensation, together with interest, liquidated damages and attorneys fees and costs, in an amount to be determined at trial.

SECOND CAUSE OF ACTION
FAILURE TO PAY WAGES IN VIOLATION OF STATE LAW

30. Plaintiff repeats and re-alleges the preceding allegations.

31. Corporate Defendant willfully failed to compensate Plaintiff for all hours worked, in violation of the requirements of Article 6 of the Labor Law of the State of New York.

32. As a consequence of the willful failure to pay wages alleged above, Plaintiff has incurred damages and Corporate Defendant is indebted to her in the amount of the unpaid overtime compensations pursuant to State law together with interest, liquidated damages and attorney's fees and costs in an amount to be determined at trial.

SECOND CAUSE OF ACTION
FAILURE TO PAY WAGES IN VIOLATION OF STATE LAW

33. Plaintiff repeats and re-alleges the preceding allegations.

34. Defendants employed Plaintiff and those similarly situated for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40

5

hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of Article 6 of the Labor Law of the State of New York.

35. As a consequence of the willful underpayment of wages alleged above, the plaintiff, and those similarly situated, have incurred damages and Defendants are indebted to them in the amount of the unpaid overtime compensations pursuant to State law together with interest, liquidated damages and attorney's fees and costs in an amount to be determined at trial.

## REQUEST FOR RELIEF

36. Plaintiff requests the following relief:

(i) Judgment against Defendants for willful violation of the FLSA and State Law;

(ii) Liquidated damages as provided for by the FLSA and State Law;

(iii) Pre- and post-judgment interest;

(iv) Any and all further relief available under the FLSA and State Law;

(vi) All costs and attorneys' fees incurred prosecuting these claims; and

(vii) Such other and further relief as the Court deems just and equitable.

Dated: Rhinebeck, New York
       January 24, 2018

/s Russell G. Wheeler (RW8995)
Russell G. Wheeler (RW8995)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York  12572
(845) 876-7500
rwheeler@charnywheeler.com

Attorneys for Plaintiff Amber Travers